IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| R.S., a minor, by and )<br><br>through his next friend and guardian, )<br><br>P.J. SAUNDERS, )<br><br>Plaintiffs, )<br><br>v. )<br><br>USD 353, the Wellington School District, )<br><br>and, )<br><br>ROBIN CREAMER, an individual, and )<br><br>TAMMY MOORE, an individual, and )<br><br>BRENDA GRAY, an individual, )<br><br>Defendants. ) | Case No. 2:19-cv-02538 |

## <u>COMPLAINT</u>

1.    Plaintiffs bring this suit to seek compensation and redress for harms they suffered as the result of torts committed by Defendants Robin Creamer, Tammy Moore and Brenda Gray while in the employment of Defendant USD 353, in violation of 42 U.S.C § 1983, the Fourth and Fourteenth Amendments, the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., as well as Kansas common law claims asserted under the Kansas Tort Claims Act, K.S.A. § 75-6103.

2.    This court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and §1367.

## Parties

3.      Plaintiff P.J. Saunders is the next friend and guardian of R.S..

4.      Plaintiff R.S. incapacitated and suffers from cerebral palsy, chronic lung disease, blindness, developmental disabilities and a seizure disorder.

5.      Plaintiff R.S. cannot communicate verbally and can only use limited sign language. He requires complete support to perform the activities of daily living.

6.      Plaintiff R.S. stands approximately five-feet tall and weighs approximately seventy-five pounds.

7.      Plaintiff R.S. must use a walker to ambulate and a wheelchair to cover long distances, and with either mode of transportation, completely relies on the assistance of responsible caretakers.

8.      Defendant USD 353 (hereinafter "the District" or "USD 353") is a Kansas public school district based in Wellington, KS, and a recipient of federal funds. The District is considered a "municipality" under the Kansas Tort Claims Act, K.S.A. § 75-6102c.

9.       Defendant Robin Creamer is a Kansas resident and was a USD 353 employee at the times relevant to this lawsuit. Creamer is sued in her individual capacity. At all times relevant she was acting under the color of the law and within her scope of employment. She resides at: 815 N Woodlawn Street, Apt 118, Wellington, KS 67152.

10.     Defendant Tammy Moore is a Kansas resident and was a USD 353 employee at times relevant to this lawsuit. Moore is sued in her individual capacity.

At all times relevant she was acting under the color of the law and within her scope of employment. She resides at: 918 E Lincoln Avenue, Wellington, KS, 67152.

11.    Defendant Brenda Gray is a Kansas resident and is a USD 353 employee at times relevant to this lawsuit. Moore is sued in her individual capacity. At all times relevant she was acting under the color of the law and within her scope of employment. She resides at: 1217 N A Street, Wellington, KS 67152.

### Background allegations

12.    Plaintiff R.S. possessed a property interest in his public education at the District.

13.    Plaintiff R.S. possessed the right under the Fourth and Fourteenth Amendments to be free from wrongful seizure and to substantive due process rights of bodily integrity.

14.    Plaintiff R.S. has serious medical conditions that are disabilities as defined by the Rehabilitation Act of 1973, in that each of these conditions were physical or mental impairments that substantially limit Plaintiff in all major life activities, including eating, communicating, mobility, dressing, using the bathroom and thinking.

15.    Plaintiff is a disabled person within the meaning of the Rehabilitation Act and is a qualified person with a disability, in that, at all pertinent times, Plaintiff had physical or mental impairment that limit one or more major life activities, and that he was capable of performing the essential functions of his particular school programs with reasonable accommodation.

16.     At all pertinent times, Defendants were aware of Plaintiff's disabilities and their effect on Plaintiff R.S..

17.     At all pertinent times, Defendants were aware that Plaintiff had requested accommodations for his disabilities.

18.     At all pertinent times, the District possessed a mandatory policy regarding emergency safety interventions, seclusion, mechanical restraint, physical restraint and physical escort, which states:

a.     The superintendent "shall ensure that all district personnel are trained annually with information about this policy."

b.     The superintendent "shall ensure that designated district personnel are trained and know the procedures involving the use of seclusion and restraint…"

c.     Each school building maintains documentation regarding such training and a list of participants.

d.     The principal "shall provide written notification to the student's parents any time that [an emergency safety intervention] is used with a student. Such notification must be provided within two (2) school days."

e.     Each building "shall maintain documentation any time ESI is used with a student" and such document "must include" the date and time of the intervention, the type of intervention, the length of time of the intervention and the school personnel "who participated in or supervised the intervention."

f.     The principal "shall be responsible for providing copies of such documentation to the superintendent on a least a biannual basis."

g.    "At least once per school year, each building principal or designee shall review the documentation of ESI incidents with appropriate staff members to consider the appropriateness of the use of ESI in those instances."

19.    The district also maintains a policy stating that classified employees "shall be evaluated twice during their first year of employment and at least once a year during subsequent years" and that evaluation documents "will be on file with the clerk of the board."  The same policy requires that classified employees be evaluated "by the supervisor to whom they are assigned."

20.    On or about January 18, 2019, R.S. was a USD 353 student.

21.    On that date, R.S. attended a basketball game sponsored by USD 353.

22.    Three USD 353 employees had undertaken the care and custody of R.S. at that time – teacher Brenda Gray and two para-educators under her direct supervision, Defendants Creamer and Moore, both "classified" employees.

23.    During the game, Creamer repeatedly applied physical restraints and physical escort to R.S. in excess of what was reasonably necessary, including pinning his arms, striking and shouting at the boy.

24.    Creamer's actions exhibited recklessness and deliberate indifference to R.S.'s bodily integrity and legal rights.

25.     Creamer's actions at all times were under the supervision of USD 353 supervisor Brenda Gray.

26.    USD 353 possessed actual knowledge that Brenda Gray was not suitable for supervisory tasks and had not been properly supervising para-educators

working under her supervision and with Plaintiff R.S..

27.    In approximately October of 2015, Plaintiff P.J. Saunders reported to USD 353 administration that Brenda Gray had been pouring cold water on Plaintiff R.S.' genitalia.

28.    In approximately October of 2015, Plaintiff P.J. Saunders reported to USD 353 administration that a para-educator under Brenda Gray's supervision had been using martial-arts style pressure points to control Plaintiff R.S.' behavior with pain.

29.    In 2015, USD 353 administration also received notice from outside agencies of Brenda Gray's para-educator's use of pressure-point tactics.

30.    In approximately October of 2015, Plaintiff P.J. Saunders reported to USD 353 administration that Brenda Gray had not been maintaining safe classrooms for Plaintiff R.S. and other students due to her demonstrated inability to supervise para-educators and children.

31.    Prior to January of 2019, USD 353 administrators had also received reports from other USD 353 employees that Brenda Gray had trained her para-educators to bite or sit on children under their supervision.

32.    Following the January 2019 basketball game, Plaintiff R.S. suffered setbacks in his development and an exacerbation of his medical challenges; he lost weight and he regressed in language and social development.

33.    Plaintiffs suffered significant out-of-pocket costs in attempting to place Plaintiff R.S. in a different school district.

34. Plaintiff R.S. suffered perceptible anguish and distress while experiencing Defendant Creamer's restraints; he continues to exhibit great emotional distress at the sound of Creamer's voice or when present in environments similar to the basketball game where Creamer restrained him.

35. As a direct result of Defendants' conduct, Plaintiffs have suffered past, present and future emotional distress, sadness, and anger; they have suffered past and future medical expenses; they have suffered past and future economic losses; and they have incurred significant out-of-pocket expenses

36. All of the Defendants' conduct was at least grossly negligent and therefore the Paul D. Coverdell Teacher Protection Act of 2001, 20 U.S.C § 6731 (2012) does not apply.

## COUNT I: SECTION 1983 - FAILURE TO TRAIN
### Asserted Against Defendant Brenda Gray and USD 353

37. Plaintiffs hereby adopt and incorporate the previous allegations as if fully reinstated herein.

38. Defendant District's employees Moore and Creamer exceeded constitutional limits on the use of force when they excessively and recklessly engaged mechanical restraint, physical restraint, physical escort and/or seclusion upon Plaintiff R.S..

39. Defendant District's para-educators Moore and Creamer's conduct arose under circumstances that constitute a usual and recurring situation that para-educators face, including:

a. interaction with children;

7

b.      challenging behavior with children;

c.      punishment and discipline of children;

d.      protecting children and keeping them safe on District property.

40.     Defendants District and Gray inadequately trained Defendant District's para-educators Moore and Creamer on how to work with children with disabilities and how to engage in emergency safety interventions.

41.      This failure to train Defendant District's para-educators Moore and Creamer amounts to deliberate indifference to the Constitutional rights of Plaintiff to be free from bodily harm. It required specific training in a skill set needed to address recurring situations as described in preceding paragraphs, such as conflict between students and para-educators, presenting obvious, highly predictable, potential for constitutional deprivations.

42.     Defendants District and Gray were aware of a pattern of Moore and Creamer engaging in excessive and reckless emergency safety interventions – Defendant Gray had actively trained them to engage in such conduct.

43.     Defendants District and Gray had actual knowledge that para-educators Moore and Creamer had received no effective training to address these obvious, recurring situations with children in their care.

44.     Defendants District and Gray's indifference and resulting inaction was wanton, willful and with reckless disregard and neglect of Plaintiffs' rights, safety and well-being.

45.     As a direct and proximate result of Defendants' wrongful conduct,

Plaintiffs have suffered and continue to suffer from physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, missed educational opportunities and out-of-pocket costs, lost earning capacity, medical bills, and pain and suffering.

## COUNT II: SECTION 1983 – SUBSTANTIVE DUE PROCESS
### Asserted Against Defendants Moore and Creamer

46.   Plaintiffs hereby adopt and incorporate the previous allegations as if fully reinstated herein.

47.   Plaintiffs possessed rights under the Fourth and Fourteenth Amendments to be free of state intrusions into realms of personal privacy and bodily security through brutal means.

48.   Defendants Moore and Creamer, acting under color of law, were personally involved in violating Plaintiffs' Constitutional Rights in that they excessively engaged in emergency safety interventions, including physically restraining, pulling and striking Plaintiff R.S. and secluding him in a bathroom – all conduct was not reasonably necessary to discipline or control Plaintiff R.S..

49.   Defendants Moore and Creamer deliberately decided to control Plaintiff R.S. by inflicting appreciable physical pain.

50.   Defendants Moore and Creamer were motivated at least in part by actual malice against Plaintiff R.S..

51.   Defendants Moore and Creamer's emergency safety interventions were by no stretch reasonable or limited or within the limits of any common-law

privilege.

52.    Defendants Moore and Creamer's emergency safety interventions on defenseless Plaintiff R.S. were brutal, offensive to human dignity and shocking to the conscience, and no post-ESI due process can absolve Defendants for their conduct.

53.    Defendants Moore and Creamer's use of force clearly violated established law, including the Tenth Circuit's discussion of the unconstitutionality of excessive corporal punishment in *Garcia By Garcia v. Miera*, 817 F.2d 650 (10th Cir. 1987).

54.    Defendants Moore and Creamer's use of force occurred the context of the monitoring, supervision and discipline of students in a District-sanctioned activity, and in the exercise of their customary practices.

55.    Defendants Moore and Creamer's use of force was deliberately indifferent to Plaintiffs' Constitutional rights, and was wanton, willful and with reckless disregard and neglect of Plaintiffs' safety and well-being.

56.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, missed educational opportunities and out-of-pocket costs, lost earning capacity, medical bills, and pain and suffering.

## COUNT III: SECTION 1983 – DANGER CREATION
### Asserted against Defendants Moore, Creamer and Gray

57.     Plaintiffs hereby adopt and incorporate the previous allegations as if fully reinstated herein.

58.     Defendant District's employees Moore, Creamer and Gray had a clear, unquestionable duty to stop any excessive use of force in restraining, punishing or confining Plaintiff R.S., and to protect him.

59.     Defendants Moore, Creamer and Gray affirmatively acted to increase Plaintiffs' vulnerability to such excessive force by failing to stop Creamer or Moore.

60.     Plaintiff R.S. was the member of a specific and limited group, in that he was the one student in the custody and care of Creamer, Moore and Gray and subjected to excessive use of force that day.

61.     The risk of the harm was known to Defendants.

62.     Defendants Moore, Creamer and Gray acted recklessly and in conscious disregard of that risk.

63.     Defendants Moore, Creamer and Gray's actions shock the conscience in that they were not justifiable and involved the misuse or abuse of their authority.

64.     Defendants Moore, Creamer and Gray put Plaintiffs at substantial risk of serious, immediate, and proximate harm, in that Plaintiffs were under immediate threat of physical assault from the FDJ.

65.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, missed educational

opportunities and out-of-pocket costs, lost earning capacity, medical bills, and pain and suffering.

<u>COUNT IV: SECTION 1983 – EQUAL PROTECTION</u><br>Asserted against Defendants Moore and Creamer

66.     Plaintiffs hereby adopt and incorporate the previous allegations as if fully reinstated herein.

67.     Defendants Moore and Creamer were acting under color of law.

68.     Plaintiff R.S. was a "class of one" in that Defendants Moore and Creamer singled him out from other District students for use of excessive force and punishment.

69.     Defendants Moore and Creamer also singled out Plaintiff R.S. for use of physical force because he was disabled.

70.     Defendants Moore and Creamer did not treat non-disabled USD 353 students in the fashion they treated Plaintiff R.S..

71.     There was no rational basis for Defendants Moore and Creamer single Plaintiff R.S. out for use of excessive force and punishment.

72.     Defendants Moore and Creamer's conduct was deliberately indifferent to the Constitutional rights of Plaintiffs.

73.     Defendants Moore and Creamer's conduct was wanton and recklessly indifferent to Plaintiffs' rights and well-being.

74.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress,

embarrassment, loss of self-esteem, disgrace, humiliation, missed educational opportunities and out-of-pocket costs, lost earning capacity, medical bills, and pain and suffering.

## COUNT V: SECTION 1983 – SUPERVISORY LIABILITY
### Asserted Against Defendant Gray

75.     Plaintiffs hereby adopt and incorporate the previous allegations as if fully reinstated herein.

76.     Defendant Gray was responsible for the direct supervision of Defendants Moore and Creamer.

77.     Defendant Gray was responsible for compliance with the policy and training requirements for para-educators under her supervision.

78.     Defendant Gray had actual knowledge of the threat posed by Defendants Moore and Creamer to Plaintiff R.S., and to the inadequacy of their training.

79.     Defendant Gray had actual knowledge that R.S. was in the custody of Moore and Creamer the day of the excessive force.

80.     Defendant Gray had actual knowledge that Defendants Moore and Creamer had not been properly trained on emergency safety interventions, disciplinary approaches, punishments or working with children with disabilities.

81.     Defendant Gray deliberately failed to supervise Defendants Moore and Creamer prior to their use of excessive force by actively training them to engage in excessive use of force, and by failing to reprimand them, fire them, suspend them or direct them not to do it.

82.     Defendant Gray's deliberately indifferent choices set in motion a series of events that they reasonably should have known would cause others to deprive Plaintiff R.S. of his Constitutional rights.

83.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer from physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, missed educational opportunities and out-of-pocket costs, lost earning capacity, medical bills, and pain and suffering.

### COUNT VI: DISABILITY DISCRIMINATION/RETALIATION
#### Asserted Against Defendant District

84.     Plaintiffs hereby adopt and incorporate the previous allegations as if fully reinstated herein.

85.     Plaintiff R.S. has serious medical conditions that are disabilities as defined by the Rehabilitation Act of 1973, in that each of these conditions were physical or mental impairments that substantially limit Plaintiff in the major life activities of eating, walking, concentrating, communicating and thinking.

86.     Plaintiff is a disabled person within the meaning of the Rehabilitation Act and is a qualified person with a disability, in that, at all pertinent times, Plaintiff had physical or mental impairment that limits one or more major life activities, and that he was capable of performing the essential functions of his school programs with reasonable accommodation.

87.    At all pertinent times, Defendant was aware of Plaintiff's disabilities, his limits and needs and the effect they had on his academic abilities, performance and development.

88.    At all pertinent times, Defendant was aware that Plaintiff had requested accommodations for his disabilities.

89.    Defendant failed to engage in an interactive process and failed to provide reasonable accommodation.

90.    Defendant discriminated against Plaintiff because of his disability when its employees brutalized Plaintiff R.S. because of his disability, thereby preventing him from participating in educational and athletic programs offered by Defendant.

91.    As a direct and proximate result of Defendant District's wrongful conduct, Plaintiffs have suffered continue to suffer from physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, missed educational opportunities and out-of-pocket costs, lost earning capacity, medical bills and pain and suffering.

### COUNT VII: KTCA – BATTERY/ASSAULT
### Asserted Against Defendants District, Moore and Creamer

92.    Plaintiffs hereby adopt and incorporate the previous allegations as if fully reinstated herein.

93.    Defendants Moore and Creamer committed batteries against Plaintiff R.S. when they employed excessive and reckless use of force in the form of

emergency safety interventions upon his body.

94.     Defendants Moore and Creamer were both employed by Defendant District at the time of the batteries.

95.     Defendants Moore and Creamer were both present at a District program event and on the clock when they committed the batteries.

96.     Defendants Moore and Creamer both acknowledged that they were interacting in their capacities as District employees when they committed the batteries.

97.     Those batteries were within their scope of employment at the District.

98.     Defendant District employed Defendants Moore and Creamer to monitor the school environs, supervise children, address challenging behavior, keep kids safe, and use emergency safety interventions, and generally assist with the operation of the District mission, including physical intervention with students as needed.

99.     Defendants Moore and Creamer committed these batteries, at least in part, in the furtherance of the District's interests, which was to maintain school safety, discipline Plaintiff R.S., deter his challenging behavior, and maintain order and authority over students participating in District programs, physically intervening if necessary.

100.     Defendants Moore and Creamer had express and implied authority from USD 353 to engage in physical interventions with Plaintiff R.S., control his behavior, restrain him, seclude him and punish him.

101.   Defendants Moore and Creamer's conduct was reasonably foreseeable for Defendant District because the District requires para-educators to engage with children with disabilities and high-school age students with challenging behavior, discipline them, and physically intervene if needed.

102.   There is no legal justification for the conduct of Defendants Moore and Creamer.

103.   The District is responsible for Defendants Moore and Creamer's batteries under respondeat superior and the KTCA.

104.   Defendants Moore and Creamer's conduct was grossly negligent, wanton, reckless and deliberately indifferent to the rights, safety and well-being of the Plaintiffs.

105.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered and continue to suffer physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, missed educational opportunities and out-of-pocket costs, lost earning capacity, medical bills, and pain and suffering.

### COUNT VIII: KTCA – NEGLIGENT SUPERVISION OF EMPLOYEES
**Asserted Against Defendants District and Gray**

106.   Plaintiffs hereby adopt and incorporate the previous allegations as if fully reinstated herein.

107.   Defendants District and Gray owed Plaintiff R.S. a duty to control and supervise Defendants Gray, Moore, and Creamer.

108.   Defendants District and Gray knew or should have known that Defendants Gray, Moore, and Creamer presented a clear and specific danger to Plaintiff, given their actual knowledge of Gray's propensity to engage in excessive and reckless emergency safety interventions, and her instruction to Moore and Creamer to do the same.

109.   Defendants District and Gray had good reasons to believe that an undue risk of harm existed to Plaintiff as a result of the continued employment of Defendants Gray, Moore, and Creamer, given Defendants' actual knowledge of their dangerous propensity to harm students and track record of doing the same.

110.   The harms suffered by Plaintiff were squarely within the risk created by the known threat the District employees presented.

111.   Defendants' conduct was grossly negligent and/or committed with reckless indifference to the rights and safety of Plaintiff.

112.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continue to suffer physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, missed educational opportunities and out-of-pocket costs, lost earning capacity, medical bills, and pain and suffering.

### COUNT IX: KTCA – NEGLIGENT SUPERVISION OF CHILDREN
**Asserted Against Defendants District, Gray, Moore and Creamer**

113.   Plaintiffs hereby adopt and incorporate the previous allegations as if fully reinstated herein.

114.   Defendants owed Plaintiffs a duty to supervise students in their custody in such a way as to keep the children safe.

115.   Defendants Moore and Creamer breached this duty when they used excessive force to restrain, seclude and control Plaintiff R.S..

116.   Defendants District and Gray breached the duty when they:

a.   Failed to adequately train Defendants Moore and Creamer;

b.   Failed to actively monitor the conduct of Defendants Moore and Creamer, especially around Plaintiff R.S.;

c.   Failed to investigate and monitor Gray's performance in the supervision of children and employees;

d.   Failed to stop or even deter Defendants Moore and Creamer's actions upon Plaintiff R.S.;

117.   Defendants' conduct was grossly negligent and/or committed with reckless indifference to the rights and safety of Plaintiffs.

118.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continue to suffer physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, missed educational opportunities and out-of-pocket costs, lost earning capacity, medical bills, and pain and suffering.

## COUNT X: KTCA – FALSE IMPRISONMENT
### Asserted Against Defendants District, Gray, Moore and Creamer

119.   Plaintiffs hereby adopt and incorporate the previous allegations as if

fully reinstated herein.

120.   Defendants owed Plaintiffs a duty to supervise students in their custody in such a way as to keep the children safe.

121.   Defendants Moore and Creamer, in furtherance of their employer's interest, physically restrained Plaintiff R.S. against his will.

122.   Defendants had no legal cause to restrain R.S. in the manner in which he was restrained.

123.   Defendant Gray countenanced and encouraged the false imprisonment of R.S..

124.   Defendants' conduct was grossly negligent and/or committed with reckless indifference to the rights and safety of Plaintiffs.

125.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continue to suffer physical injuries, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, missed educational opportunities and out-of-pocket costs, lost earning capacity, medical bills, and pain and suffering.

WHEREFORE, Plaintiffs pray for an award of actual damages against Defendants in an amount in excess of $75,000, for attorneys' fees together with interest and costs of suit, and for such and further legal and equitable relief as is deemed just and proper.

Respectfully submitted,


/s/Dan Curry

Dan Curry, KS #22750
Sarah Brown, KS #12130
BROWN & CURRY, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458, (816) 666-9596 (fax)
dan@brownandcurry.com
sarah@brownandcurry.com
ATTORNEYS FOR PLAINTIFF


<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs request trial by jury as to all triable issues.

Respectfully submitted,


/s/Dan Curry

Dan Curry, KS #22750
Sarah Brown, KS #12130
BROWN & CURRY, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458, (816) 666-9596 (fax)
dan@brownandcurry.com
sarah@brownandcurry.com
ATTORNEYS FOR PLAINTIFF

<u>DESIGNATION OF PLACE OF TRIAL</u>

Plaintiffs designate Kansas City, Kansas, as the place of trial.

Respectfully submitted,

/s/Dan Curry
Dan Curry, KS #22750
Sarah Brown, KS #12130
BROWN & CURRY, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458, (816) 666-9596 (fax)
dan@brownandcurry.com
sarah@brownandcurry.com
ATTORNEYS FOR PLAINTIFF