**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| REED SAUNDERS, et al., )  )  Plaintiffs, )  )  v. )  )  USD 353 WELLINGTON, et al., )  )  Defendants. ) | Case No. 19-cv-2538-DDC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Amend (ECF No. 83). Plaintiffs seek leave to further amend their complaint to add counts for battery, outrage/intentional infliction of emotional distress, and false imprisonment against Defendants Creamer, Moore, and Gray in their individual capacities. Defendants oppose the motion. Upon consideration of the matter, the Court finds the motion should be granted.

I.   Background

Plaintiffs have twice amended their complaint. The first amendment came one day after they filed this action, and it had the singular purpose of removing the reference to Plaintiff Reed Saunders as a minor.[1] Three months later, Plaintiffs sought and were granted leave to file a Second Amended Complaint that added factual background allegations.[2] At the same time, the

---

[1] *See* ECF No. 3.

[2] The undersigned Magistrate Judge ruled on Plaintiffs' motion to amend during the Scheduling Conference held in this case. Defendants Creamer and USD 353 had opposed the motion. *See* ECF Nos. 33, 37. The Court found that under the applicable standard for such motions, Defendants would not suffer prejudice, amendment would not cause undue delay because no Scheduling Order was in place, Plaintiffs did not make the motion in bad faith or with an improper motive, and amendment would not be futile. *See* ECF No. 43.

1

Court granted Defendant Creamer's motion to stay discovery,[3] with the exception of allowing a subpoena to obtain the Wichita Police Department's investigative file. The other Defendants had joined in the motion to stay.[4]

Defendants USD 353, Moore and Gray responded to Plaintiffs' second amended complaint with motions to dismiss.[5] Defendant Creamer filed a motion for summary judgment.[6] Each of the individual Defendants assert they are entitled to dismissal based on qualified immunity, and discovery is currently stayed pending a ruling on that issue.

Plaintiffs now seek to add counts for battery, outrage/intentional infliction of emotional distress, and false imprisonment against Defendants Creamer, Moore, and Gray in their individual capacities. Each proposed cause of action arises out of the same conduct and occurrences described in the original complaint. The Second Amended Complaint includes a count of battery against Defendants Moore and Creamer, and a count of false imprisonment against Defendants Creamer, Gray and Moore, but those counts are asserted under the KTCA.[7] Plaintiffs explain they seek to ensure these claims can proceed against the individual employees if they are found to have been acting outside the scope of their employment when they committed intentional torts, which would relieve USD 353 of liability under the KTCA. Plaintiffs further assert that the pending dispositive motions would not be rendered moot by the

---

[3] ECF No. 21.

[4] *See* ECF Nos. 24, 25.

[5] *See* ECF Nos. 53 (USD 353) and 63 (Gray and Moore).

[6] ECF No. 63.

[7] The count asserting outrage/intentional infliction of emotional distress is new to the proposed Third Amended Complaint.

filing of the Third Amended Complaint. All individual Defendants oppose the motion on grounds of futility and that the new counts would duplicate existing claims, while Defendant Creamer also asserts amendment would cause undue delay. USD 353 joins in the other Defendants' responses.

II.     Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[8] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[9] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[10] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[11] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[12]

---

[8] Fed. R. Civ. P. 15(a)(1).

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[12] *Id.* (quoting *Foman*, 371 U.S. at 182).

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[13] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[14] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[15] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[16] The party opposing the proposed amendment bears the burden of establishing its futility.[17]

III. Analysis

It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[18] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to

---

[13] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[14] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Twombly*, 550 U.S. at 555.

[16] *Id.* at 556.

[17] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[18] *Bratcher v. Biomet Orthopedics, LLC*, No. 19-cv-4015-SAC-TJJ, 2019 WL 2342976, at *5 (D. Kan. June 3, 2019) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995)).

relief.[19] The issue before this Court is therefore not whether Plaintiffs ultimately will prevail on their claims against the individual Defendants for battery, outrage/intentional infliction of emotional distress, and false imprisonment, but whether they are entitled to offer evidence to support their allegations.[20]

Defendants Moore and Gray argue amendment is futile for three reasons. First, they assert the new counts for battery (Count XI) and false imprisonment (Count XIII) are redundant with the claims asserting those causes of action (Counts VII and X, respectively) under the KTCA. But the battery count cannot be redundant for Defendant Gray, who is not named in Count VII of the Second Amended Complaint. And as Plaintiffs note, Defendants offer no support for their conclusory assertion that if USD 353 establishes the individual Defendants acted outside the scope of their employment, as a matter of law those Defendants would still be liable under current Counts VII and X. The Court does not find Counts XI and XIII redundant, and therefore they are not futile on that basis.

Second, Defendants Moore and Gray argue that Plaintiffs have no viable outrage claim because it is not among the ten torts listed in the notice Plaintiffs filed pursuant to K.S.A. 12-105b.[21] Defendants assert the court therefore has no subject matter jurisdiction over the claim.

---

[19] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[20] *Beach v. Mutual of Omaha Ins. Co.,* 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002).

[21] "Any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action." K.S.A. 12-105b(d).

Plaintiffs disagree, asserting they fully complied with the statutory requirements for the notice.

Those requirements are as follows:

> (d) Any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. *In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim.*[22]

"Substantial compliance" means "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute."[23] Plaintiffs assert that their notice, a copy of which the Court has reviewed,[24] not only substantially complied but provided the school district with additional information. The Court agrees that Plaintiffs complied with the statute and the court has subject matter jurisdiction over their purported claim of outrage/intentional infliction of emotional distress.[25]

---

[22] K.S.A. 12-105b(d) (emphasis added).

[23] *Orr v. Heiman*, 270 Kan. 109, 12 P.3d 387, 389 (2000).

[24] Defendants Moore and Gray attached a copy of the notice to their Response. *See* ECF No. 85-1.

[25] The Court also notes that the jurisdictional bar applies only to lawsuits against municipalities. Failure to comply with the statute does not deprive a court of jurisdiction over a case against a municipal employee. *Whaley v. Sharp*, 343 P.3d 63, 69 (2014) (overruling *King v. Pimentel*, 890 P.2d 1217 (1995)). School districts are entitled to the provisions of the Kansas Tort Claims Act. *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1276 (D. Kan. 2011).

Third, Defendants Gray and Moore argue that the facts Plaintiffs allege do not rise to the level of conduct required to state a plausible outrage claim against either of them. They cite five Kansas cases in support of their argument,[26] none of which the Court finds relevant. The law in Kansas requires that before a claim of outrage can be submitted to a jury, the court must make a threshold determination that (1) the defendant's conduct may be regarded as sufficiently extreme and outrageous to permit recovery under the law, and (2) the plaintiff's mental distress was of such a nature that no reasonable person should have been expected to endure it under the circumstances.[27] Conduct which amounts to "mere insults, indignities, threats, annoyances, petty expressions, or other trivialities" does not rise to the level of outrageous conduct.[28] Under the law, "[m]embers of the public are necessarily expected and required to be hardened to a certain amount of criticism, rough language and to occasional acts and words that are definitely inconsiderate and unkind."[29]

At this stage, based on the facts Plaintiffs allege in the Second Amended Complaint,[30] the Court cannot determine that Plaintiffs could not meet the threshold showing for a claim of outrage. The Court rejects Defendants Gray and Moore's futility argument.

---

[26] *See* ECF No. 85 at 5-7.

[27] *See Smith v. Welch,* 967 P.2d 727, 733 (Kan. 1998).

[28] *Roberts v. Saylor,* 637 P.2d 1175, 1179 (Kan. 1981).

[29] *Id.*

[30] The Court notes that in the absence of an answer from any Defendant, the Second Amended Complaint is the only operative pleading of record.

Defendant Creamer argues Plaintiffs' motion should be denied because it would cause undue delay, the outrage claim is futile, and the new battery and false imprisonment counts would be redundant. The Court has already addressed futility and redundancy. Creamer's undue delay argument is that, because Plaintiffs admit they are not altering the previously pleaded facts, they should have sought this amendment more than six months ago and their failure to do so will require a new round of dispositive motions. Plaintiffs deny that any potential delay would be caused by granting their motion. Instead, Plaintiffs argue, the additional tort counts they wish to pursue arise out of facts Creamer cites to support her summary judgment motion.

Discovery in this case is stayed while the district judge considers the various dispositive motions asserting qualified immunity. There are no pending deadlines or settings. The tort claims Plaintiffs seek to add are not subject to qualified immunity, and that portion of Creamer's summary judgment motion which asserts qualified immunity is not implicated. And as Plaintiffs point out, Creamer's summary judgment motion also urges the court to decline to exercise supplemental jurisdiction over the current tort claims, so repeating the argument in response to this motion creates no delay.[31] The Court finds that allowing amendment will not cause undue delay.

The Court concludes that Plaintiffs' proposed Third Amended Complaint is not futile or redundant and will not cause undue delay. Defendants suffer no prejudice from the amendment, and the Court finds that justice requires granting Plaintiffs' motion.

---

[31] In her response to the instant motion, Creamer repeats the request that if the district judge dismisses Plaintiffs' federal claims, he should also decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. That is not a matter before the magistrate judge.

8

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend (ECF No. 83) is **GRANTED**.  In accordance with D. Kan. Rule 15.1(b), Plaintiffs shall electronically file and serve their Third Amended Complaint within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2020 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge