## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**REED SAUNDERS, by and through his Next Friend and Guardian P.J. SAUNDERS,**

    **Plaintiffs,**

v.

**USD 353, THE WELLINGTON SCHOOL DISTRICT, et al.,**

    **Defendants.**

Case No. 19-2538-DDC-TJJ

## MEMORANDUM AND ORDER

On June 18, 2020, plaintiffs Reed Saunders and P.J. Saunders filed a Third Amended Complaint. Doc. 90. The Third Amended Complaint added three state law tort claims against defendants Robin Creamer, Brenda Gray, and Tammy Moore, all sued in their individual capacities. Doc. 90 at 33–35 (Third Am. Compl. ¶¶ 188–202). But otherwise, the amended pleading does not change the substance of the claims plaintiffs asserted in their original Complaint and Second Amended Complaint. Nevertheless, "it is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (alteration omitted) (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 2010) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

Thus, the filing of an amended complaint renders moot any motion directed at the original complaint. *See Mochama v. Zwetow*, No. 14-2121-KHV, 2015 WL 3843247, at *2 (D. Kan. June 22, 2015) (denying as moot motions for summary judgment directed at plaintiff's second amended complaint because plaintiff had filed a third amended complaint after securing the court's leave to do so); *see also Miller v. Am. Export Lines, Inc.*, 313 F.2d 218, 218 (2d. Cir. 1963) (declaring district court's grant of summary judgment "a nullity" because "the ruling dismissed a complaint that had already been withdrawn"); *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2018 WL 1523099, at *4 (D. Kan. Mar. 28, 2018) (denying as moot motions directed at the original complaint because plaintiff's amended complaint rendered the original complaint "a moot and inoperative pleading"); *Capital Sols., LLC v. Konica Minolta Bus. Sols. USA, Inc.*, No. 08-2027-JWL, 2008 WL 1901396, at *1 (D. Kan. Apr. 25, 2008) (holding that a motion to dismiss directed at the original complaint "was rendered moot when [plaintiff] filed its amended complaint").

Defendants USD 353 Wellington, Brenda Gray, and Tammy Moore have filed Motions to Dismiss directed at the claims plaintiffs asserted against them in the Second Amended Complaint, (Docs. 53 & 63), so those motions now are moot. Defendant Robin Creamer's Motion for Summary Judgment (Doc. 61) on qualified immunity grounds also is directed at plaintiffs' claims asserted in the Second Amended Complaint. This motion also is now moot. The court thus denies defendant USD 353 Wellington's Motion to Dismiss (Doc. 53), defendants Brenda Gray and Tammy Moore's Motion to Dismiss (Doc. 63), and defendant Robin Creamer's Motion for Summary Judgment (Doc. 61) as moot but without prejudice to filing renewed motions directed to plaintiffs' Third Amended Complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant USD 353 Wellington's Motion to Dismiss (Doc. 53) is denied without prejudice as moot.

**IT IS FURTHER ORDERED THAT** defendant Robin Creamer's Motion for Summary Judgment (Doc. 61) is denied without prejudice as moot.

**IT IS FURTHER ORDERED THAT** defendants Brenda Gray and Tammy Moore's Motion to Dismiss (Doc. 63) is denied without prejudice as moot.

**IT IS SO ORDERED.**

**Dated this 24th day of June, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
