IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REED SAUNDERS, et al., )
)
        Plaintiffs, )
)
v. )   Case No. 19-cv-2538-DDC-TJJ
)
USD 353 WELLINGTON, et al., )
)
        Defendants. )

# ORDER

This matter is before the Court on Defendant USD 353's Motion to Stay Proceedings (ECF No. 130), which seeks an order staying these proceedings, including discovery, while Defendants Robin Creamer and Brenda Gray pursue interlocutory appeals to the Tenth Circuit U.S. Court of Appeals. Plaintiffs oppose the motion. For the reasons discussed below, the Court will deny the motion.

**Background**

District Judge Crabtree has ruled on four dispositive motions Defendants filed in response to Plaintiffs' Third Amended Complaint.[1] Judge Crabtree denied Defendant USD 353's Motion to Dismiss,[2] granted in part and denied in part Defendant Creamer's Motion for Summary Judgment,[3] granted in part and denied in part Defendants Moore and Gray's Motion to Dismiss,[4] and granted Plaintiffs' Motion for Summary Judgment against defendant Creamer.[5]

---

[1] ECF No. 90.

[2] ECF No. 92.

[3] ECF No. 94.

[4] ECF No. 96.

[5] ECF No. 101.

Defendants Creamer and Gray have filed interlocutory appeals from Judge Crabtree's order with respect to his rulings on their qualified immunity defenses,[6] and Plaintiffs have filed a Motion to Certify Defendants Creamer's and Gray's Interlocutory Appeals as Frivolous.[7] The latter motion remains pending.

After Judge Crabtree entered his order and Defendants Creamer and Gray filed interlocutory appeals, Defendant USD 353 filed this motion seeking to stay all proceedings pending the Tenth Circuit's consideration of the appeals.

**The Parties' Arguments**

As USD 353 correctly notes, the District Court currently lacks jurisdiction over Defendants Creamer and Gray. Jurisdiction over those Defendants now resides in the Tenth Circuit while that court considers their interlocutory appeals. Although the District Court retains jurisdiction over the remaining Defendants, USD 353 contends it would be inefficient and impracticable to allow discovery to proceed as to USD 353 and Moore because the matters involved in the interlocutory appeals are inextricably intertwined with Plaintiffs' claims against USD 353 and Moore. If Creamer and Gray are unsuccessful in their appeals, already-conducted discovery would be duplicated, and if Creamer prevails on her argument that she is entitled to qualified immunity, the §1983 failure to train claim against USD 353 would not be viable. USD 353 cites several cases from this District in support of its argument.

Plaintiffs acknowledge they are not permitted to pursue discovery against Creamer and Gray while the appeal is pending, unless Plaintiffs prevail on their motion to certify the appeal as

---

[6] ECF Nos. 122, 125.

[7] ECF No. 132.

frivolous. However, Plaintiffs urge the Court to exercise its discretion under Fed. R. Civ. P. 26(b)(2) to tailor and sequence discovery rather than stay discovery in toto. Plaintiffs note that if Judge Crabtree grants their motion to certify the appeal as frivolous, this Court would retain jurisdiction over all parties and USD 353's motion to stay would be moot.

**Analysis**

This motion to stay needs to be resolved now, and should not await the outcome of Plaintiffs' efforts to have Judge Crabtree certify Creamer's and Gray's appeals frivolous. This case has been pending for 21 months with no discovery except for the Wichita Police Department's investigative file on the basketball game incident mentioned in each iteration of Plaintiffs' complaint. Plaintiffs' motion to certify the appeals as frivolous is not yet ripe, and the undersigned cannot predict its outcome.

The undersigned is favorably influenced by Magistrate Judge James P. O'Hara's order on a similar motion in *Bledsoe v. Jefferson County, Kansas,* Case No. 16-2296-DDC-JPO (D. Kan.). In both *Bledsoe* and in this case, discovery had been stayed for an extended period before an event occurred to cause the court to consider whether the stay should continue. When that event occurred, both cases needed to get on track towards trial. As Judge O'Hara observed, "staying discovery as to all Defendants has consequences to Plaintiff in that there are risks that witnesses' memories will fade, witnesses may relocate, and documents may get misplaced or destroyed."[8]

Other factors Judge O'Hara considered are also persuasive. USD 353 has pointed to no

---

[8] *Bledsoe v. Jefferson County, Kansas,* Case No. 16-2296-DDC-JPO (D. Kan. May 10, 2021) (ECF No. 198) (quoting *Howse v. Atkinson*, No. 04-2341-GTV, 2005 WL 994572, at *2 (D. Kan. Apr. 27, 2005)).

specific burden it would suffer other than to argue that conducting discovery now would be a waste of time and resources. But if the undersigned permits limited discovery, excluding depositions, the duplication of efforts USD 353 predicts will not occur. No other Defendant has joined in USD 353's motion to stay or filed a response thereto, which leaves the Court to consider only USD 353's arguments in favor of a stay. Having considered the relevant factors, the Court concludes the just, speedy, and inexpensive adjudication of this case[9] will be best served by an order denying the motion to stay.

The Court finds it appropriate to set a Status Conference to discuss with the non-appealing parties the scope of discovery the Court will permit while the appeals are pending. Depositions will not be permitted, and no discovery will be permitted with respect to Defendants Creamer and Gray while their interlocutory appeals are pending. The Court directs the non-appealing parties to confer in good faith before the conference to attempt agreement on the scope of discovery and other relevant issues to be discussed at the Conference. The Status Conference will be held on **June 15, 2021, at 1:30 PM** before the undersigned. No later than **June 14, 2021, at 12:00 noon**, the parties shall email a joint Status Report to the undersigned's chambers. **All participants shall dial the conference line at 888-363-4749 and enter access code 4901386 to join the conference.**

**IT IS THEREFORE ORDERED** that Defendant USD 353's Motion to Stay Proceedings (ECF No. 130) is **DENIED**.

---

[9] *See* Fed. R. Civ. P. 1.

Dated this 10th day of June, 2021, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge