IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REED SAUNDERS, by and through
his next friend and guardian,
P.J. SAUNDERS,

      Plaintiffs,

v.

      Case No. 19-2538-DDC-TJJ

USD 353 WELLINGTON, et al.,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Reed Saunders's Motion for Approval of Incapacitated Adult Settlement (Doc. 157). Mr. Saunders, who litigates by and through his next friend and guardian, P.J. Saunders, asks the court to approve a proposed settlement that will resolve all disputes in the case. Because plaintiff Reed Saunders is an incapacitated adult, the parties believe they must submit their putative settlement to the court for review and approval. The court agrees. So, the court held a settlement approval hearing on January 13, 2022. For reasons explained below, the court grants the motion to approve the settlement. But, first, the court considers which law to apply.

**I.    Applicable Law**

Plaintiff invoked the court's federal question jurisdiction over plaintiff's federal law claims. Specifically, plaintiff brings claims under 42 U.S.C. § 1983. Plaintiff also brings state law claims under the Kansas Tort Claims Act, and the court exercises its supplemental jurisdiction over these claims.

"State law claims before a federal court on supplemental jurisdiction are governed by state law." *Time Warner Ent. Co., L.P. v. Everest Midwest Licensee, L.L.C.*, 381 F.3d 1039, 1044 (10th Cir. 2004) (citing *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1126 (10th Cir. 2003)). This guiding principle leads the court to apply state law to evaluate the proposed settlement of plaintiff's state law claims. *See Price v. Wolford*, 608 F.3d 698, 706–08 (10th Cir. 2010) (applying Oklahoma law to evaluate settlement of medical malpractice lawsuit where court exercised supplemental jurisdiction).

As for the federal claims, this court and others have applied state law to evaluate the proposed settlement of federal claims. *See, e.g.*, *T.Y. as Next Friend of P.Y. v. Shawnee Mission Sch. Dist. USD 512*, No. 17-2589-DDC-GEB, 2020 WL 59649, at *1 (D. Kan. Jan. 6, 2020); *S.C. as Next Friend of A.J. v. Lansing Unified Sch. Dist. #469*, No. 18-2228-DDC-JPO, 2019 WL 1762708, at *1 (D. Kan. Apr. 22, 2019); *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 667–69 (E.D. Pa. 2000) (citing *Reo v. U.S. Postal Serv.*, 98 F.3d 73 (3d Cir. 1996)). Though our Circuit has not addressed this issue directly, the court predicts that the Tenth Circuit would direct the court to apply Kansas law when, as here, it exercises federal question jurisdiction over a case involving a settlement on behalf of an incapacitated adult.

## II.     Legal Standard

Kansas law treats minors and incapacitated persons "similarly as persons under legal disability[.]" *In re Est. of Wise*, 890 P.2d 744, 749 (Kan. Ct. App. 1995). Kansas law requires court approval of a settlement contract before it can bind a minor plaintiff. *Childs By & Through Harvey v. Williams*, 757 P.2d 302, 303 (Kan. 1988); *see also Adkins v. TFI Fam. Servs., Inc.*, No. 13-2579-DDC-GLR, 2017 WL 4338269, at *3 (D. Kan. Sept. 29, 2017) (explaining that Kansas law requires a hearing on the settlement of minor plaintiffs' claims because the court "'has a duty

to protect the minor's interests'" (quoting *Midland Nat'l Life Ins. Co. v. Johnson-Marin*, No. 08-1367-MLB, 2012 WL 3245471, at *4 (D. Kan. Aug. 9, 2012))).

Kansas law requires courts "to exercise extensive oversight, ensuring that the injured minor's claims are not sold short by an agreed settlement merely outlined at a 'friendly' hearing." *White v. Allied Mut. Ins. Co.*, 31 P.3d 328, 330 (Kan. Ct. App. 2001). Courts "'may not simply rely on the fact that the minor's parents have consented to the proposed agreement. Instead, the court must determine whether the agreement is in the minor's best interests.'" *Id.* (quoting *Baugh v. Baugh ex rel. Smith*, 973 P.2d 202, 205 (Kan. Ct. App. 1999)). For example, the Kansas Supreme Court affirmed a state trial court's approval of a settlement on a minor's behalf because "it engaged in [a] full examination of [the] facts of [the] accident and [the] extent of [the] minor's injuries." *Id.* (citing *Perry v. Umberger*, 65 P.2d 280 (Kan. 1937)). The court applies these same principles to evaluate this settlement, which involves an incapacitated adult.

### III.  Analysis

The court held a settlement approval hearing on January 13, 2022. The court is acutely familiar with this case—it considered the allegations in its March 31, 2021 Memorandum and Order ruling defendants' motions to dismiss and motions for summary judgment. Doc. 114. The court carefully examined the facts of the underlying incident in its earlier Memorandum and Order and need not re-examine them here.

P.J. Saunders, Reed Saunders's biological grandmother, adoptive mother, co-guardian, and co-conservator, testified at the settlement approval hearing. The parties informed the court that they resolved their dispute at a mediation led by the Tenth Circuit's Chief Circuit Mediator. Counsel concluded that defendants' $219,000 offer was in Reed Saunders's best interest. P.J. Saunders agreed.

Of the $219,000, $25,345 will go to P.J. Saunders for the expenses she incurred relocating him to attend school in a different district. At the hearing, P.J. Saunders testified that the $25,345 is a "conservative" estimate of the out-of-pocket expense she incurred when she moved Mr. Saunders. Plaintiff's counsel will receive $87,289.83, equaling 40% of the total settlement amount, as the agreed attorney fee. And, plaintiff's counsel will receive $775.43 for expenses incurred in this lawsuit.

Plaintiff Reed Saunders will receive the remainder: $105,589.74. At the settlement approval hearing, P.J. Saunders explained that this amount will be deposited into a "special needs" trust. P.J. Saunders testified that she was appointed Reed Saunders's guardian in Kansas state court, and she had created the special needs trust as his guardian. P.J. Saunders also testified that the special needs trust allows Reed Saunders to remain eligible for government services, but doesn't allow for reimbursement to Reed Saunders's family for any expenses they incur. Reed Saunders will receive benefits from the trust for the remainder of his life.

P.J. Saunders testified that she believes it is in Reed Saunders's best interest to resolve his claims against defendants, given the risk of litigation and the potential for delay in recovery. The Third Amended Complaint (Doc. 90), which the court relied on when it issued its March 31 Memorandum & Order, describes plaintiff Reed Saunders's disabilities. And, at the settlement hearing, P.J. Saunders described Reed Saunders's disabilities in more detail. P.J. Saunders explained that, because of his disabilities, Reed Saunders is unable to communicate whether he wishes to approve the settlement of his claims. She testified that in her opinion, as Reed Saunders's guardian, the settlement terms are fair and reasonable to Mr. Saunders. The court heard testimony about the devoted care that P.J. Saunders dedicates to Mr. Saunders each day. The court has no doubt about her dedication to his best interests.

Based on the efforts made by P.J. Saunders and counsel and the testimony from P.J. Saunders at the January 13, 2022 hearing, the court concludes that the settlement agreement satisfies Kansas law governing approval of such agreements. Plaintiff brought a large number of state and federal claims and some claims survived a motion to dismiss or summary judgment motion, and some did not. *See* Doc. 114. Given the uncertainty of proceeding on the remaining claims and the potential delay in plaintiff's recovery, P.J. Saunders and counsel concluded this settlement was advisable. And, to the extent the court's role in approving the settlement derives from Fed. R. Civ. P. 17(c), the court finds no apparent conflict between P.J. Saunders's interests and Reed Saunders's interests. P.J. Saunders is very devoted to her son.

The settlement of this case is in Reed Saunders's best interest. The court thus grants plaintiff's Motion for Approval of Incapacitated Adult Settlement (Doc. 157).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Reed Saunders's Motion for Approval of Incapacitated Adult Settlement (Doc. 157) is granted. This settlement resolves all claims. The court directs the parties to file appropriate dismissal papers within thirty (30) days of this Order.

**IT IS SO ORDERED.**

**Dated this 20th day of January, 2022 at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**